IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:16-cr-341-01 |
| | : | 1:20-cv-2195 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JERRY FRUIT, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### June 15, 2021

Pending before the Court is Defendant Jerry Fruit's ("Defendant" or "Fruit") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (the "Motion"). (Doc. 216). The parties have fully briefed the Motion making this matter ripe for our review. (Docs. 222 and 224). For the reasons that follow, the Motion shall be denied and a certificate of appealability shall not issue.

**I.      BACKGROUND**

On June 12, 2018, which was scheduled as the morning of jury selection, Fruit pled guilty to both counts of a 2-count indictment that charged him with conspiracy to distribute and possess with intent to distribute 100 grams and more of heroin and additional quantities of cocaine, in violation of 21 U.S.C. § 846 (Count 1) and possession with intent to distribute 100 grams and more of heroin

and additional quantities of cocaine in violation of 21 U.S.C. § 841 (Count 2). The federal prosecution of Fruit and his co-defendant Tykei Garner arose out of a traffic stop conducted by Trooper Kent Ramirez on Interstate-81 on the night of July 5, 2016. The traffic stop resulted in a search of the rental vehicle driven by Fruit, revealing bags containing 300 grams of cocaine in the vehicle and 261 grams of heroin in the trunk.

Prior to pleading guilty, Fruit had filed a suppression motion challenging the traffic stop and search of his vehicle. (Doc. 30). Following an evidentiary hearing, we denied Fruit's motion. (Doc. 56). Fruit filed a motion to reconsider (Doc. 60), which was subsequently denied by the Court. (Doc. 71). As referenced, Fruit entered into a plea agreement (Doc. 137) with the Government the morning of his trial, within which he preserved his right to appeal our denial of his suppression motion.

Following a presentence investigation, on January 28, 2019, the Court sentenced Fruit to a term of 120 months imprisonment on each count, to be served concurrently, followed by an 8 year term of supervised release. Fruit took a direct appeal, and the United States Court of Appeals for the Third Circuit issued a precedential opinion affirming Fruit's judgment in an opinion dated May 29, 2020. (Doc. 202). The Third Circuit denied Fruit's petition for rehearing *en banc* and the United States Supreme Court denied Fruit's petition for writ of certiorari.

On November 23, 2020, Fruit filed a Motion to Vacate his conviction under 28 U.S.C. §2255. (Doc. 211). Thereafter, on December 15, 2020, Fruit withdrew his initial motion in order to file an all-inclusive motion under 18 U.S.C. §2255, which was also filed on that date. (Docs. 215 and 216). Within his Motion, Fruit contends that both his trial and appellate counsel were ineffective in the litigation and appeal of his suppression motion.

## II. LEGAL STANDARDS

Title 28, United States Code, Section 2255 permits federal prisoners the ability to attack the validity of their convictions and sentences, but generally is limited to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783-84 (1979) (citations omitted). *See also United States v. Addonizio,* 442 U.S. 178, 185-86 (1979); *United States v. Essig,* 10 F.3d 968, 977 n.25 (3d Cir. 1993).

### A. Hearing on Motion

"Generally, if a prisoner's ' 2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig,* 10 F.3d at 976 (citations omitted). A defendant is not entitled to a hearing, however, if his allegations are contradicted by the record or if they are patently

frivolous. *Solis v. United States,* 252 F.3d 289, 295 (3d Cir. 2001) (citations omitted). Similarly, the district court is not required to hold a hearing if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. ' 2255; Rule 4(b) of the Rules Governing ' 2255 Proceedings for the United States District Courts; *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989). The Court has reviewed the submissions in this matter and it is our considered view that a hearing is not warranted here.

    **B.**    **Ineffective Assistance of Counsel**

Since Fruit's Motion mainly concerns allegations of ineffective assistance of counsel, we begin with the well-established standard for such claims under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at

690.  Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The Supreme Court has cautioned against allowing defendants to "second-guess" every decision made by their representative.  *Strickland,* 466 U.S. at 689. Every effort must "be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689.  There is a "strong presumption" that the actions of defense counsel were reasonable, and the burden rests with the defendant to overcome this high bar.  *Id.* at 689. Furthermore, it is imperative that post-trial or post-plea inquiries not lead to an endless cycle of litigation, where the accused can challenge the result until he finds the one most favorable.  *See id.* at 689–90.

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. Additionally, it "is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693; *Harrington v.*

*Richet*, 562 U.S. 86, 111 (2011) (emphasizing recently that the "likelihood of a different result must be substantial, not just conceivable"). The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A simple error, if it had no effect on the judgment, does not necessitate setting aside the judgment. *Strickland,* 466 U.S. at 691.

## III.   DISCUSSION

As noted above, Fruit raises ineffective assistance claims against his trial and appellate counsel.[1] We shall discuss each issue raised in turn.

### A.   Appellate Counsel – Misstatement of Suppression Testimony

Fruit contends that his appellate counsel, Keith M. Donoghue, ineffectively litigated his appeal by allegedly misstating the testimony an Enterprise rental car representative made at Fruit's suppression hearing regarding the placement of bar code stickers on rental cars. Fruit argues that testimony contradicted the testimony

---

[1] Within his Motion, Fruit re-raises an issue that has was fully litigated before this Court and on direct appeal – namely that the prolonged nature of the traffic stop was a violation of his Fourth Amendment rights. As a general rule, re-litigation of a claim considered on direct appeal is barred unless: (1) there is newly discovered evidence that could not reasonably have been presented at the original trial; (2) there is a change in applicable law; (3) counsel provided ineffective assistance; or (4) other circumstances indicate that the accused did not receive full and fair consideration of his federal constitutional and statutory claims. *See United States v. Palumbo,* 608 F.2d 529, 533 (3d Cir.1979); *United States v. DeRewal,* 10 F.3d 100, 105 n. 4 (3d Cir.1993); *Davis v. United States,* 417 U.S. 333, 342 (1974). None of the *Palumbo* factors are present in this case. As indicated above, these issues were fully raised and properly litigated in this Court and on appeal. Further, there are no changes in law or new facts that would give reason to believe the matters should be re-litigated.

of Trooper Ramirez regarding the placement of barcode stickers. Further, Fruit claims he was prejudiced, because the Third Circuit's decision rested on the premise that Trooper Ramirez developed reasonable suspicion early in the traffic stop and a factor giving rise to that suspicion was the fact the bar code sticker was missing from his vehicle.

This claim fails because it is factually inaccurate – an examination of the record makes plain that there were no discrepancies between the testimony of the Enterprise car representative and Trooper Ramirez at the suppression hearing. Specifically, Trooper Ramirez testified that bar code stickers are typically located on the driver's window or rear windshield of rental vehicles *generally*. Meanwhile the Enterprise representative testified that sometimes bar code stickers are located on the driver's side window, but they are not located on the rear windshield of *Enterprise rental vehicles*. There is no discrepancy here. When Trooper Ramirez testified about the location of bar code stickers, he was referring to the universe of all rental vehicles, not specifically Enterprise rental vehicles. The Enterprise representative's testimony related only to Enterprise vehicles. Further, the Enterprise representative's testimony that renters often peel the stickers from the vehicles coalesced with Trooper Ramirez's testimony that individuals are known to remove the stickers.

Thus, because the testimony of Trooper Ramirez and the Enterprise representative was consistent, appellate counsel cannot be considered ineffective for failing to raise a non-existent discrepancy on appeal. This claim fails.

### B. Trial Counsel – Burden of Proof Argument

Fruit contends that his trial counsel, Assistant Federal Public Defender Monica Cliatt was ineffective for not arguing that the Government bore the burden of proof to demonstrate the stop was not improperly prolonged. Once again, the record of the suppression proceedings demonstrates that Fruit's claim lacks factual veracity.

In her brief in support of the suppression motion, Attorney Cliatt set forth that the burden of proof rested with the Government to demonstrate the entire traffic stop and vehicle search were lawful. To wit, she noted that "[o]nce a defendant files a motion to suppress, the burden falls on the government to prove that they acted in accordance with the Fourth Amendment. *United States vs. Ritter,* 416 F.3d 256, 261 (3rd Cir 2005)." (Doc. 31, pg. 6.). Also within that brief, Attorney Cliatt noted "The government must prove that Mr. Fruit and Mr. Gardener's seizure 'was sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure.'" *United States v. Fraguela-Casanova*, 858 F.Supp.2d 432, 441 (2012) (quoting *Florida v. Royer*, 460 U.S. 491 500 (1983))." (Doc. 31, pg. 9.). Finally, in her post-hearing submission, Attorney Cliatt again

8

cited *Fraguela-Casanova* and *Florida v. Royer* in describing the Government's burden of proof for the Court.

Based on the foregoing, it is evident that Fruit's trial counsel did correctly state the Government's burden of proof on no less than three occasions. Thus, this claim lacks merit and shall be denied.

    **C.**    **Appellate Counsel – Waiver Argument**

Next, Fruit contends that appellate counsel was ineffective for failing to argue that the Government waived the argument that it was necessary for officer safety for Trooper Ramirez to request and await backup prior to asking Fruit for permission to search his vehicle. Once again, Fruit's argument is belied by the record because this argument was raised by the Government and addressed by this Court.

In its post-hearing brief, the Government specifically stated, "given the totality of the circumstances, including the size of the defendants relative to him and their criminal histories, [Trooper Ramirez] requested backup for officer safety." (Doc. 55, pg. 9.) Further, in our opinion denying Fruit's motion to suppress, we noted that "however, citing safety concerns, Trooper Ramirez first contacted and then elected to wait for the assistance of another trooper prior to asking for consent." (Doc. 56, pg. 5).

9

Since the subject argument was made by the Government and addressed by this Court, there was no basis for appellate counsel to argue it was forfeited before the Third Circuit.  Hence, appellate counsel's performance was not deficient.  This claim shall be denied.

**D.     Trial and Appellate Counsel – K-9 Inspection Arguments**

Fruit makes two separate claims regarding the conduct of the K-9 inspection during the traffic stop.  He argues that trial counsel provided ineffective assistance of counsel by failing to argue that the K-9 did not "alert" prior to entering the interior of the vehicle.  Fruit also argues that appellate counsel was ineffective for failing to argue on appeal that the K-9 was not sufficiently reliable and therefore his alert could not provide probable cause to search the vehicle.

As to trial counsel, while she might not have made the specific argument set forth by Fruit in his Motion, she did comprehensively argue against the reliability of the K-9 inspection.  That her arguments were not adopted by the Court does not render her representation of Fruit ineffective.  Regarding the K-9's reliability, we noted that the K-9 had completed a ten-week training program and was recertified annually. (Doc. 56, pg. 24.)  While we recognized that the K-9 had performed some false alerts during training, we recognized that he ultimately passed annual certification prior to his search in this case. (Doc. 56, p. 24).  In light of these findings, we found the K-9 to be reliable and properly alerted to the vehicle; thus,

"Trooper Ramirez and Mearkle had probable cause to search the Defendants' vehicle." (Doc. 56, pg. 26.). Based on our thorough consideration of the K-9's reliability, there is no basis to find that appellate counsel was ineffective for failing to raise the issue on appeal.

Accordingly, both of Fruit's claims concerning the K-9 inspection fail.

### E.   Certificate of Appealability

Based on the foregoing analysis, we do not find that Fruit has made a substantial showing of the denial of a constitutional right, and as such, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

## IV.   CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 216) shall be denied. An appropriate Order shall issue.